## SHELDON v. NORDIN.

Circuit Court, Dade County, Civil Appeal.

April 5, 1957.

Hendricks & Hendricks, Miami, for appellant.

Riley & Hornbuckle, Coral Gables, for appellee.

STANLEY MILLEDGE, Circuit Judge.

This appeal is from an order dismissing, with prejudice, the second amended complaint.

The complaint alleges that the defendant employed the plaintiff to find a customer, ready, able and willing to purchase certain land

in Dade County at a price of $26,000, provided the purchaser could qualify with Travelers Insurance Company as a first mortgagee for $17,000 at 5% interest due in 20 years. It is further alleged that the plaintiff fulfilled the terms of his employment by producing a customer ready, able and willing to purchase the land at the price and upon the terms of the listing.

The reason for dismissing the action is not stated in the order but counsel for the defendant, in argument, suggests the reason was that the "deposit receipt" signed by the prospective buyer and his wife, which was attached to and made a part of the complaint, contains the following—"This offer is made subject to the ability of the buyer to secure from the Travelers Insurance Company a first mortgage for $17,000 for twenty years bearing 5% interest, and if such a mortgage cannot be secured by the buyer this agreement becomes null and void and the above deposit may be released to him."

It is quite correct that the deposit receipt is a conditional offer to buy the land, which did not bind him if he could not secure a Travelers mortgage in the amount and on the terms specified, and if the contract of employment, or listing, had required the plaintiff to produce an unconditional binding contract then the complaint would be fatally deficient. The condition in the deposit receipt was, according to the amended complaint, one of the very terms of the contract of employment. In other words, we should not confuse the contract of employment between the plaintiff and the owner with the contract of purchase (between the prospective purchaser, Cowan, and the owner).

In order to fulfill the terms of an agency employment such as is here alleged, it is not necessary that the broker must produce a written contract of sale. It is necessary that he produce a customer, ready, able and willing to buy at the price and terms stipulated by the defendant. Among these terms was that the prospective purchaser could qualify as a borrower of $17,000 by a first mortgage on the land to Travelers. Whether or not he can so qualify is a fact to be determined by proof at a trial; it cannot be determined by looking at the deposit receipt. Unless Cowan can qualify in this respect as well as in other required respects, then the broker has not fulfilled the terms of his contract of employment, but all of this can only be determined by a trial. Perhaps Travelers will not qualify Cowan, but the plaintiff is entitled to the opportunity to prove that Cowan is so qualified.

The order appealed from is reversed so that the case may proceed to a trial upon the dispute of facts. Costs are taxed against the appellees.